**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2352-15T2

L.R.,

    Plaintiff-Respondent,

v.

C.R.,

    Defendant-Appellant.

_____

        Submitted March 6, 2017 — Decided  April 7, 2017

        Before Judges Nugent and Currier.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part,
        Burlington County, Docket No. FV-03-1044-16.

        Destribats Campbell Staub, LLC, attorneys for
        appellant (Raymond C. Staub, on the brief).

        David T. Garnes, attorney for respondent.

PER CURIAM

    Defendant (C.R.) appeals from a final restraining order (FRO)

entered against him under the Prevention of Domestic Violence Act

(PDVA), N.J.S.A. 2C:25-15 to -35.  Because we find that the trial

judge failed to consider whether a restraining order was necessary

for the protection of plaintiff, L.R., as required under <u>Silver v. Silver</u>, 387 <u>N.J. Super.</u> 112, 126 (App. Div. 2006), we reverse and remand for further proceedings.

We derive our factual summary from the trial of January 12, 2016. Plaintiff filed for and obtained a temporary restraining order (TRO) against her husband on the grounds of terroristic threats based upon events that occurred on December 30, 2015. On that date, the parties, who have been married for sixty-one years, were quarreling over defendant's phone. Plaintiff had taken it from him as she suspected him of having an affair and he was attempting to get it back from her. Plaintiff testified that defendant said if she did not let go of the phone "he was going to kill me and he was very very angry." Plaintiff threw the phone at her husband and stated she felt threatened by his words.

Both parties drove to the police station where plaintiff applied for the TRO. Plaintiff also testified that she has obtained prior TROs against defendant and that he was pulling her arm on the date of these events.

Defendant denied having an affair and denied threatening plaintiff on December 30. He testified that prior to that date, plaintiff had destroyed several phones and taken others away from him. On this morning, although plaintiff took his phone, he was able to get the phone back from her. Defendant stated that he

drove to the courthouse to obtain a TRO, but it was closed. He then went to the police department where he was denied a TRO. His wife came in behind him to present her application.

Defendant denied grabbing plaintiff by the arm while quarreling with her about the phone. However, he said: "I never hit her. I push her most of the time and grab stuff away from her. I don't hit her."

In an oral decision on January 12, 2016, the trial judge found both parties to be credible but concluded that plaintiff's version of the events was more accurate. In assessing whether the predicate act of terroristic threats was satisfied, he noted that both parties had admitted to a history of pushing and shoving during the marriage. Although the judge said he was "struggling" with whether this incident was "a contretemps that's experienced by marriages or whether this rises to the level of domestic violence," he concluded that plaintiff was in fear of defendant as evidenced by her returning the phone to him. He stated:

> At that moment in time the Court does find that the plaintiff did believe that unless she returned this phone her life was being threatened.
>
> So the Court is going to find that the terroristic threat did take place on that date and it's going to issue the final restraining order based upon that.

On appeal, defendant argues that there was insufficient proof to satisfy the finding of the predicate act of terroristic threats, and that the trial judge "did not engage in any analysis regarding [plaintiff's] need for a restraining order."

In reviewing a decision of a family court, we "defer to the factual findings of the trial court," N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008), in recognition of the "family courts' special jurisdiction and expertise in family matters." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). Deference is particularly appropriate when the evidence is testimonial and involves credibility issues because the judge who observes the witnesses and hears the testimony has a perspective the reviewing court does not enjoy. Pascale v. Pascale, 113 N.J. 20, 33 (1988) (citing Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)). It is only "when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark'" that we will intervene and make our own findings "to ensure that there is not a denial of justice." E.P., supra, 196 N.J. at 104, (quoting N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)).

Our scope of review of the trial judge's factual findings is limited. Cesare, supra, 154 N.J. at 411. We are generally bound

by the trial judge's findings of fact "when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)). This is especially true when questions of credibility are involved. Id. at 412 (citing In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)).

In determining whether to issue an FRO under the PDVA, the court must perform a two-step analysis. Silver, supra, 387 N.J. Super. at 125-26. "First, the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Id. at 125. Second, "upon a finding of the commission of a predicate act of domestic violence," the court must determine whether it "should enter a restraining order that provides protection for the victim." Id. at 126.

In his review of the parties' testimony, the trial judge found that at the moment of these events plaintiff was in fear for her life, which he found was evidenced by her returning the phone to defendant. He also noted the history of domestic violence in the marriage and found plaintiff's version of the events more accurate. We are satisfied that the trial judge's factual findings as to the predicate act of terroristic threats are fully supported by the record.

Once the court finds the defendant committed a predicate act under N.J.S.A. 2C:25-19(a), the court must consider whether a restraining order is "necessary." Silver, supra, 387 N.J. Super. at 127. Although this determination may be "perfunctory and self-evident, the guiding standard is whether a restraining order is necessary . . . to protect the victim from an immediate danger or to prevent further abuse." Id. at 127. Commission of one of the enumerated acts of domestic violence does not "automatically mandate[] the [entry] of a domestic violence [restraining] order." Kamen v. Egan, 322 N.J. Super. 222, 227 (App. Div. 1999) (citations omitted). Factors to be considered include:

> (1) [t]he previous history of domestic violence between the plaintiff and defendant, including threats, harassment and physical abuse; (2) [t]he existence of immediate danger to person or property; (3) [t]he financial circumstances of the plaintiff and defendant; [and] (4) [t]he best interests of the victim and any child . . . .
>
> [N.J.S.A. 2C:25-29(a).]

The court did not perform this analysis. Absent such an inquiry, courts are at risk of failing to strike a balance between the PDVA's purpose of protecting victims of domestic violence and being used as an "inappropriate weapon[] in domestic warfare." J.D. v. M.D.F., 207 N.J. 458, 488 (2011). The TRO is reinstated,

and the matter is remanded for further proceedings consistent with this opinion.  This court does not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION